IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,  )
425 Third Street, SW, Suite 800 )
Washington, D.C. 20024, )
 )
      Plaintiff, )
 )  Civil Action No.
v. )
 )
UNITED STATES DEPARTMENT )
OF HOMELAND SECURITY, )
Office of the General Counsel )
245 Murray Lane SW )
Washington, DC 20528-0485 )
 )
 )
      Defendant. )
_____)

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Homeland Security to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street, S.W., Suite 800, Washington, DC 20024. Plaintiff seeks to promote transparency, accountability, and integrity in government, politics, and the law. As part of its educational

mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the federal government and to educate the public about these operations. Plaintiff then analyzes the agency records and disseminates the results of its analysis, as well as the records themselves, to the public.

4. Defendant United States Department of Homeland Security is an agency of the United States Government and is headquartered at United States Department of Homeland Security, 601 South 12th Street, Arlington, VA 22202. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On March 5, 2014, Plaintiff submitted a FOIA request to the Transportation Security Administration ("TSA"), a component of Defendant, seeking access to the following records:

> Any and all passenger complaint forms (referred to as "yellow cards"), "To From" memoranda, and Incident Reports filed in 2013 at the following US airports: Dulles International Airport, Chicago O'Hare International Airport, Denver International Airport, Miami International Airport, and Los Angeles International Airport.

6. TSA subsequently acknowledged receipt of Plaintiff's FOIA request and assigned the request reference number TSA FOIA #2014-TSFA-00246.

7. On March 13, 2014, Plaintiff agreed to narrow the scope of its FOIA request, at TSA's request, to the following: "Incident Reports relating to [Transportation Security Officers] accused of assaults relating to sexual misconduct in 2013" at the five airports identified in the original request.

8. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), TSA was required to determine whether to comply with the request within twenty (20) working days after Plaintiff agreed to narrow the

request. Pursuant to this same provision, TSA also was required to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. TSA's determination and notification to Plaintiff was due no later than April 10, 2014.

9. As of the date of this Complaint, TSA has failed to: (i) determine whether to comply with Plaintiff's request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested record or otherwise demonstrate that the requested records are exempt from production.

10. Because TSA failed to comply with the time limit set forth in 5 U.S.C. § 522(a)(6)(A), Plaintiff is deemed to have exhausted any and all administrative remedies with respect to its request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is unlawfully withholding public records requested by Plaintiff pursuant to 5 U.S.C. § 552.

13. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of the requested public records, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive

records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:   July 11, 2014                                                                 Respectfully Submitted,

JUDICIAL WATCH, INC.

/s/ David F. Rothstein
D.C. Bar No. 450035
425 Third Street, S.W., Suite 800
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*